# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Dennis L. Bell | ) | |
| | ) | |
| | ) | CHAPTER 7 |
| Debtor(s) | ) | CASE NO. 10-50501 |
| | ) | |

## OBJECTION TO BAC HOME LOAN SERVICING, INC.'S
## MOTION FOR RELIEF FROM STAY AND ABANDONMENT

Comes the Debtor and for his objection to BAC Home Loan Servicing, Inc.'s (BAC) Motion for Relief From Stay and Abandonment states as follows:

1. BAC has no legitimate interest in the property they seek relief from the on which they seek relief from the stay. They filed three foreclosure suits in McCracken Circuit Court.

2. Case number 06-CI-305 was filed March 24, 2006. Their Assignment of Mortgage and note was not recorded in the office of the McCracken County Clerk until April 6, 2006, (See cumulative Ex. A.), and their Complaint states that the note which was allegedly assigned is not available. No copy of the note was ever produced during the State Court litigation. And it is at issue how an note that does not exist could have been property endorsed.

3. Case number 06-CI-819 was filed July 31, 2006. Their Assignment of Mortgage and note was not recorded in the office of the McCracken County Clerk until September 5, 2006, (See Cumulative Ex B.), and their Complaint indicates that the original note which was allegedly assigned is not available. No copy of the note was ever produced during the

State Court litigation. And it is at issue how an note that does not exist could have been property endorsed.

4. Case number 06-CI-891 was filed August 23, 2006. Their Assignment of Mortgage and note was not recorded in the office of the McCracken County Clerk until September 11, 2006, See Cumulative Ex C), and their Complaint indicates that the original note which was allegedly assigned is not available. No copy of the note was ever produced during the State Court litigation. And it is at issue how an note that does not exist could have been property endorsed.

5. BAC states in its Motion that in paragraphs 4, 5, and 6 that, "Debtor obtained a mortgage loan from BAC". This is not the case. Debtor has had no dealings with BAC other than the State Court litigation.

6. With regard to Debtor's conveyance of the properties to Emerald Bay Revocable Trust, the Debtor states that the appraiser of the properties for the Master Commissioner appraised a property that was not subject of the State Court litigation and he transferred the properties to prevent the wrong property from being sold.

7. Additionally, the State Court case is currently under appeal in the Kentucky Court of Appeals, No. 2010-CA-00247-MR.

Wherefore, Debtor prays an Order of this Court denying BAC's Motion for relief from Stay and Abandonment.

/s Steve Vidmer
Steve Vidmer
Vidmer Law Office
309A N. 4th St.
Murray, KY 42071

(270) 753-1752  
(270) 753-1757 fax  
svidmerbr@gmail.com  
**ATTORNEY FOR DEBTOR(S)**

## VERIFICATION

The foregoing is true and correct to the best of my knowledge.

/s Dennis L. Bell_____
DENNIS L. BELL

COMMONWEALTH OF KENTUCKY

CALLOWAY COUNTY

Sworn to, acknowledged and subscribed before me this 24th day of June, 2010.


/s Steve Vidmer_____
NOTARY PUBLIC

My commission expires February 17, 2011.

## CERTIFICATE OF SERVICE

The foregoing was served electronically on the following on June 24, 2010:

Joseph Golden - Ass't U.S. Trustee

and

Deborah Simon - Chapter 7 Trustee

and

by regular U.S. Mail to:

Richard A. Vance
D. Cooper Robertson

Stites & Harbison  
400 W. Market Street, Suite 1800  
Louisville, KY 40202-3352

/s Steve Vidmer
Steve Vidmer