UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DENNIS L. BELL | ) | CASE NO. 10-50501 – THF |
| | ) | |
| | ) | CHAPTER 7 |
| | ) | |
| Debtor | ) | |

**ORDER DISMISSING CHAPTER 7 CASE**

   This matter came before the Court on the motion of the Interim Trustee, Deborah B. Simon, for dismissal of this Chapter 7 bankruptcy case pursuant to 11 U.S.C. § 521(e)(2)(B), due to the debtor's failure to produce tax returns as required by this section and the Court's Order entered in this case.  The Trustee moved that this case be dismissed with prejudice for one year. The Court held a hearing on this matter on October 21, 2010 and heard the statements of Deborah Simon, Steven Vidmer, counsel for the Debtor, and Dennis L. Bell (the "Debtor").

   On April 21, 2010, Dennis L. Bell filed for relief pursuant to Chapter 7 of the Bankruptcy Code.  Mr. Bell identified his address as 2934 Benton Road, Paducah, Kentucky and his county of residence as McCracken County.  On April 22, 2010, this Court issued an order setting the initial date for the first meeting of creditors as June 10, 2010 (Doc# 9).  This order also required that the Debtor "at least 14 days prior to the initial date set for the 11 U.S.C. § 341 meeting of creditors submit to the trustee . . . [t]he debtor's most recent state and federal income tax returns, including copies of all 1099 and W‑2 forms."  The order clearly states in bold type that "**Failure to timely comply with this order will result in the dismissal of this case without further notice.**"  On June 21, 2010, the Trustee adjourned the meeting of creditors to August 5, 2010.

On August, 23, 2010, Ms. Simon sent a letter to Mr. Bell and to Mr. Vidmer via Regular U.S. Mail and Certified U.S. Mail.  The Certified Mail was returned unclaimed.  This letter repeated Ms. Simon's numerous requests for Mr. Bell's personal income tax returns for 2007, 2008 and 2009.  Ms. Simon warned Mr. Bell, and Mr. Vidmer, that she would move to dismiss the Debtor's case if she did not receive the complete federal and Kentucky tax returns for the requested years.  On September 13, 2010, Ms. Simon filed this instant motion due to the Debtor's failure to comply with her request, the Court's order, and the Bankruptcy Code. Shortly after the filing of this motion, Mr. Vidmer sent Ms. Simon a copy of Form 1040-SS via e-mail.  Ms. Simon received the form for 2009 and Mr. Vidmer indicated that the form for 2008 was included in the communication.  Mr. Vidmer also indicated that he had informed Mr. Bell of the need to provide Ms. Simon with the requested documents.  In response to a question concerning the Kentucky tax returns, Mr. Bell indicated that he did not file Kentucky tax returns. Mr. Bell offered no explanation for his failure to comply with this Court's order or with the requirements of the Bankruptcy Code.

The documents that Mr. Bell did send to Ms. Simon are not responsive to the request. According to the instructions for Form 1040-SS, "This form is for residents of the U.S. Virgin Islands (USVI), Guam, American Samoa, the Commonwealth of the Northern Mariana Islands (CNMI), and the Commonwealth of Puerto Rico (Puerto Rico) who are not required to file a U.S. income tax return."  INTERNAL REVENUE SERVICE, INSTRUCTIONS FOR FORM 1040-SS 1 (Cat. No. 26341Y 2009).  Additionally, the documents were handwritten with no indication that the form had actually been filed.  It is questionable why an individual who lists his residence as McCracken County, Kentucky would use this form and why he would not have filed Kentucky

2

tax returns.  Even if these documents were partially responsive, Mr. Bell did not provide them timely nor justify his failure to provide the documents timely.

Besides the court order, Section 521(e)(2)(A)(i) also requires the Debtor to provide "not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed."  "If the debtor fails to comply with clause (I) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor."  11 U.S.C. § 521(e)(2)(B).  Mr. Bell complied with neither the court order nor the Bankruptcy Code.  He has had ample opportunity to comply and has continued to ignore these duties.  This failure has caused this case to languish for the last six months.

Having considered the statements of Ms. Simon, Mr. Vidmer, and Mr. Bell, the entire record in this case, and the Court being sufficiently advised,

IT IS HEREBY ORDERED for cause that the within Chapter 7 bankruptcy case of Dennis L. Bell is dismissed with prejudice, 11 U.S.C. §§ 349 and 105(a), and that the debtor may not seek relief under Chapter 7 for 180 days from the date of entry of this order.  *See, e.g., In re McClure*, 69 B.R. 282 (Bankr. N.D. Ind. 1987).

IT IS FURTHER ORDERED that this Court will not retain jurisdiction over any related matters still pending.  *See, e.g., In re Smith*, 866 F.2d 576 (3d Cir. 1989).  These related pending matters shall be dismissed by separate orders.

Thomas H. Fulton
United States Bankruptcy Judge

Dated:  October 26, 2010